```
                   United States District Court
                     District of Massachusetts
┌─────────────────────────────────┐
│                                 )
│ Michael Whitney et al.,         )
│                                 )
│         Plaintiffs,             )
│                                 )
│         v.                      )   Civil Action No.
│                                 )   23-11883-NMG
│ Bucher Municipal NA, Inc.,      )
│                                 )
│         Defendant.              )
│                                 )
└─────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from allegations that plaintiff Michael Whitney ("Mr. Whitney") was injured as a result of the malfunction of a truck-mounted sewer cleaning machine manufactured by defendant, Bucher Municipal NA, Inc. ("Bucher" or "defendant"). Mr. Whitney and his wife, Jillian Whitney ("Ms. Whitney" and collectively, "plaintiffs") bring claims for personal injury and loss of consortium under M.G.L. c. 93A ("Chapter 93A").

Pending before the Court is defendant's motion to dismiss or to strike (Docket No. 5). For the reasons that follow, the motion will be allowed, in part, and denied, in part.

**I.   Background**

The complaint alleges that Mr. Whitney was employed by a sewer and drain cleaning company. In August, 2018, the employer purportedly purchased a specialized sewer cleaning truck called the "Recycler model CR-120" from defendant. The truck was under warranty by defendant for use in cleaning sewers during the winter months in the Boston and Chelsea, Massachusetts areas.

Mr. Whitney alleges that in March, 2019, while operating the sewer cleaning truck, the end of its jet hose, equipped with a heavy metal nozzle, malfunctioned and hit him in the face. He contends that the accident caused him extensive personal injury and he alleges a violation of Chapter 93A under a breach of warranty theory. In addition, Ms. Whitney brings claims under the same statute for loss of consortium.

Defendant has moved to dismiss five of the six counts including all of the claims for loss of consortium.

**II.  Motion to Dismiss**

   **A. Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  For instance, a court may consider documents of undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint. Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Loss of Consortium Claims

Defendant asserts that Ms. Whitney's loss of consortium claims should be dismissed because such claims must be based on

a valid, underlying tort claim of Mr. Whitney. Because Mr. Whitney sues under Chapter 93A, defendant contends that the underlying claim is impermissibly statutory in nature.

Plaintiffs respond with extensive analysis of defendant's case law citations and conclude that the cited cases concern only § 1983 and state anti-discrimination statutes but not Chapter 93A. They contend that, unlike the cases brought pursuant to § 1983 and state anti-discrimination statutes, this is a case of true personal injury sufficient to permit a loss of consortium claim.

Generally, "a loss of consortium claim can only be brought when a claimant's spouse has a valid tort claim." Reidy v. Travelers Ins. Co., 928 F. Supp. 98, 110 (D. Mass. 1996). For this Court to construe Ms. Whitney's claim as a common law loss of consortium claim, Mr. Whitney would first have had to plead a valid tort claim.

Mr. Whitney's Chapter 93A claim is, however, statutory in nature even though it draws on theories of warranty, which sound in tort. As the First Circuit Court of Appeals ("First Circuit") has noted, not "all breaches of warranty are necessarily violations of chapter 93A." Sharp v. Hylas Yachts, LLC, 872 F.3d 31, 50 (1st Cir. 2017). The underlying standard and elements of a claim that draws on a common law tort theory

may differ when brought pursuant to 93A. See Nei v. Burley, 446 N.E.2d 674, 678 (Mass. 1983).[1]

Even assuming that Ms. Whitney's loss of consortium claim could be treated differently under Chapter 93A, defendant contends that Ms. Whitney lacks standing to recover consortium damages thereunder.  The Court agrees.  In dicta, the Massachusetts Supreme Judicial Court ("SJC") explained that it "has never recognized loss of consortium damages as a distinct category of c.93A damages." Klairmont v. Gainsboro Restaurant, Inc., 987 N.E.2d 1247, 1259 n.20 (Mass. 2013) (citing Rhodes v. AIG Domestic Claims, Inc., 961 N.E.2d 1067, 1077-82 (Mass. 2012)).

Plaintiffs assert that the dicta in Klairmont has no bearing on the instant action when read in context but that appears to be inaccurate.

Klairmont addressed the issue of whether plaintiffs "as administrators of their son's estate, may bring a claim under c. 93A...separate from their wrongful death claims." Id. at 1253. The SJC held that they could because the Chapter 93A action seeks to effectuate rights personal to the decedent whereas the

---

[1] The analogy to claims of discrimination under M.G.L. c. 151B ("151B") is apt because such claims "ha[ve] historical connections to common law tort and contract claims."  Zhang v. Massachusetts Inst. of Techn., 708 N.E.2d 128, 135 (Mass. App. Ct. 1999); see also Stonehill Coll. v. Massachusetts Comm'n Against Discrimination, 808 N.E.2d 205, 215 (Mass. 2004).  However, "a violation of 151B is not a tort" in and of itself. Stonehill Coll., 708 N.E.2d at 135.

wrongful death statute seeks to compensate survivors. Id. at 1257.

The Court went on to assess the kinds of damages available in the Chapter 93A action. It held that, as administrators of the estate, plaintiffs' recovery of consortium damages was unavailable because

> under c. 93A, the plaintiffs may only recover to the extent that [decedent] would have been able to recover on such a claim.

Id. at 1259. The Court noted that it was not opining on what would have happened had plaintiffs filed the Chapter 93A actions in their "individual capacities" but that, in any event, it "has never recognized loss of consortium damages as a distinct category of c.93A damages." Id. at 1259 n.20.

The Klairmont decision convinces this Court that, at least until the SJC revisits the issue, an individual cannot recover loss of consortium damages in a Chapter 93A action. Ms. Whitney's loss of consortium claims will be dismissed.

### C. Other Claims

Defendant also seeks to have the Court either strike or dismiss Counts III and V as redundant. Those counts plausibly state separate causes of action for unfair and deceptive trade practices under the theories of 1) knowing or willful violation of Chapter 93A and 2) failure to tender reasonable compensation.

The motion to dismiss or, in the alternative, to strike will be denied with respect to those counts.

**ORDER**

For the foregoing reasons, the motion of defendant, Bucher Municipal NA, Inc., to dismiss (Docket No. 5) is, with respect to the loss of consortium claims (Counts II, IV and VI), **ALLOWED** but is otherwise **DENIED**.

**So ordered.**

      /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: January 8, 2024