```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Michael Whitney et al.,        )
                               )
        Plaintiffs,            )
                               )
        v.                     )   Civil Action No.
                               )   23-11883-NMG
Bucher Municipal NA, Inc.,     )
                               )
        Defendant.             )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs move for a jury trial on their claims brought under the Massachusetts Consumer Protection Act, M.G.L.c. 93A Docket No. 28).  Defendant neither opposes nor consents to the present motion.

While there is often no right to a jury trial on Chapter 93A claims in state court, see Nei v. Burley, 446 N.E.2d 674 (Mass. 1983), in federal court the Seventh Amendment guarantees that in "Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII.  The scope of the Seventh Amendment jury trial right includes statutorily created causes of action that "create[] legal rights and remedies, enforceable

in an action for damages in the ordinary courts of law." Curtis v. Loether, 415 U.S. 189, 192 (1974).

The Seventh Amendment standard has been applied through a three-part test that looks to whether 1) the action at issue is analogous to late 18th-century common law causes of action, 2) the remedy is legal or equitable in nature and 3) whether Congress has assigned resolution of the claim to a non-Article III forum. See Full Spectrum Software, Inc. v. Forte Automation Sys., Inc., 858 F.3d 666, 675-76 (1st Cir. 2017).

Here, the action concerns claims for compensatory and punitive damages under a Massachusetts statute. Accordingly, the Court need only address the first part of the inquiry. See Curtis, 415 U.S. at 196 (explaining that compensatory and punitive damages are "traditional form[s] of relief offered in the courts of law.").

The Chapter 93A claims remaining in the case concern alleged breaches of warranty (Counts I and III) as well as bad faith failure to settle (Count V). Plaintiff contends that the alleged breach of warranty of merchantability is analogous to the common law cause of action of "implied assumpsit" but does not substantively address common law analogies for the failure to settle claim.

The Court agrees that the Chapter 93A claims brought under warranty theories are analogous to 18th-century warranty causes

of action.  Blackstone, for example, described the case for breach of warranty as

> if he, that selleth anything, doth upon the sale warrant it to be good, the law annexes a tacit contract to this warranty, that if it be not so, he shall make compensation to the buyer[.]

3 William Blackstone, Commentaries *165.  While initially conceived as a contract action, breach of warranty has long been cast as a form of tort as well. See e.g., Norton v. Doherty, 3 Gray 372, 373 (Mass. 1855) ("Where, upon a sale of goods, there is a warranty of quality or condition, and by parity of reasoning a promise, which proves not to be true, the plaintiff may declare in tort[.]").  In this case, plaintiffs similarly allege that a product did not operate as warranted causing injury.  The historic examples of warranty actions are sufficiently analogous to Counts I and III.  Therefore plaintiffs' request for a jury trial with respect to Counts I and III will be allowed.

On the claim for failure to settle in bad faith under Chapter 93A (Count V), however, plaintiff provides no historical comparisons to common law causes of action and defendant has not responded.  Accordingly, the motion with respect to that count will be denied without prejudice.

**ORDER**

For the foregoing reasons, the motion of plaintiffs Michael Whitney and Jillian Whitney for a jury trial (Docket No. 28), is with respect to Counts I and III, **ALLOWED,** but is otherwise **DENIED** without prejudice.

**So ordered.**

    _/s/ Nathaniel M. Gorton_
    Nathaniel M. Gorton
    United States District Judge

Dated:  August 14, 2024